**Sharron Lea BLACK et al., Plaintiffs,**

**William Lorenz, Plaintiff-Intervenor,**

v.

**James GRAY et al., Defendants.**

**Civ. A. No. C 74–132 L(A).**

United States District Court,
W. D. Kentucky.

Jan. 28, 1975.

Lloyd C. Anderson, Forrest Roberts, J. Reuben Rigel, Legal Aid Society, Louisville, Ky., for plaintiffs.

Johnson & Judy, Wm. E. Johnson, Frankfort, Ky., for Gray.

James M. Baker, Frankfort, Ky., Mary Jo Arterberry, Dept. of Transportation, Frankfort, Ky., for defendant Mangeot.

Before LIVELY, Circuit Judge, and BRATCHER and ALLEN, District Judges.

PER CURIAM.

This action involves an attack by three plaintiffs purporting to be a class action on behalf of all uninsured motorists who were involved in an accident in Kentucky, and against whom a judgment of liability fixing damages has been awarded and who have failed to satisfy the judgment within 60 days thereafter.

These plaintiffs mount a constitutional attack on K.R.S. 187.410, which provides for suspension of a driver's license and registration against whom a tort judgment was rendered, subject to the provision that if the judgment-creditor consents in writing, the judgment debtor may be allowed to retain his license and registration, or non-resident operating privileges, the Department may allow such for six months from the date of consent, and thereafter until the consent is revoked in writing, notwithstanding default and the payment of the tort judgment or the installment payments set out in K.R.S. 187.440, provided the judgment-debtor furnishes proof of financial responsibility.

We have considered in connection with K.R.S. 187.410, K.R.S. 187.440, which provides, in substance, that a judgment-debtor may apply to the Court in which the tort judgment was rendered for the

privilege of paying the judgment in installments, and provided further that the Court may order and fix the amounts and times of payment of the installments.

The Court, after considering the arguments of counsel and the briefs filed in this record, believes there is no merit to the constitutional attacks upon the statute for the reasons set out in *Bell v. Burson*, 402 U.S. 535 (1971), at pages 542 and 543, 91 S.Ct. 1586, at page 1591, 29 L.Ed.2d 90, at pages 96, 97. See, also, *Wright v. Malloy*, 373 F.Supp. 1011 (Vt. 1974), aff'd, 419 U.S. 987, 95 S.Ct. 297, 42 L.Ed.2d 261 by the Supreme Court without opinion (1974).

We note further that none of the plaintiffs in this action attempted to proceed under K.R.S. 187.440 to invoke the remedial measures set out in that statute and, therefore, have grave doubts about the standing of the plaintiffs to challenge on constitutional grounds K.R.S. 187.410, since they did not attempt to invoke the beneficial provisions of K.R.S. 187.440. See *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

In conclusion, for the reasons stated above, the complaint of the plaintiffs is dismissed on the merits.